1  JOHN B. BULGOZDY, Cal. Bar No. 219897
   Email: bulgozdyj@sec.gov
2  WILLIAM S. FISKE, Cal. Bar No. 123071
   Email: fiskew@sec.gov
3
4  Attorneys for Plaintiff
   Securities and Exchange Commission
5  Rosalind R. Tyson, Regional Director
   Michele Wein Layne, Associate Regional Director
6  John M. McCoy III, Regional Trial Counsel
   5670 Wilshire Boulevard, 11th Floor
7  Los Angeles, California 90036
   Telephone: (323) 965-3998
   Facsimile: (323) 965-3908

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>AHMAD HARIS TAJYAR, ZACHARY W. R. BRYANT, OMAR AHMAD TAJYAR, and VISPI B. SHROFF,<br><br>Defendants,<br><br>and<br><br>DIONYSUS CAPITAL, LP,<br><br>Relief Defendant. | Case No. CV 09-03988 JFW (PJWx)<br><br>**JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AS TO DEFENDANT AHMAD HARIS TAJYAR** |

The Securities and Exchange Commission having filed a Complaint and Defendant Ahmad Haris Tajyar having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

**I.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**II.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined

1

from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), and Section 20(e) of the Securities Act, 15 U.S.C. § 77t(e), Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78*l*, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d).

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 21A of the Exchange Act, 15 U.S.C. § 78u-1. The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission. Prejudgment interest shall be calculated from the date of each trade, based on the rate of interest set forth in 26 U.S.C. § 6621. In connection with the Commission's motion for disgorgement, prejudgment interest, and civil penalties, and at any hearing held on such a motion: (a) Defendant will be

1 | precluded from arguing that he did not violate the federal securities laws as alleged
2 | in the Complaint; (b) Defendant may not challenge the validity of the Consent or
3 | this Judgment; (c) solely for the purposes of such motion, the allegations of the
4 | Complaint shall be accepted as and deemed true by the Court; and (d) the Court
5 | may determine the issues raised in the motion on the basis of affidavits,
6 | declarations, excerpts of sworn deposition or investigative testimony, and
7 | documentary evidence, without regard to the standards for summary judgment
8 | contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection
9 | with the Commission's motion for disgorgement, prejudgment interest, and civil
10 | penalties, the parties may take discovery, including discovery from appropriate
11 | non-parties.

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

## VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated:  April 27, 2011

_____
HONORABLE JOHN F. WALTER
UNITED STATES DISTRICT JUDGE